UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD A. KIRKHAM, | ) |
| Plaintiff, | ) CASE NO. C05-1162TSZ-MJB |
| v. | ) |
| MICHAEL J. TRICKEY, Presiding Judge, King County Superior Court, | ) REPORT AND RECOMMENDATION |
| Defendant. | ) |

## INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges in this action that his federal constitutional rights were violated by Michael J. Trickey, a King County Superior Court Judge, by the King County Superior Court, and by King County during the course of plaintiff's state court criminal proceedings. Plaintiff has been granted leave to proceed with this action *in forma pauperis*. Following a careful review of the record, this Court concludes that this action should be dismissed, prior to service, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

## BACKGROUND

Plaintiff submitted his original complaint to this Court for filing on June 27, 2005. (*See* Dkt.

REPORT AND RECOMMENDATION
PAGE - 1

No. 8.)  He alleged therein that Judge Trickey gave him poor legal advice.  (*Id*.)  He further alleged that Judge Trickey violated his First Amendment rights when he signed an order which caused plaintiff to be placed in administrative segregation, and to have his telephone and mail privileges suspended.  (Dkt. No. 8.)  Finally, plaintiff appeared to allege that Judge Trickey's conduct had had an adverse affect on plaintiff's ongoing state court criminal proceedings.  (*Id*.)

After reviewing plaintiff's complaint, this Court, on July 15, 2005, issued an Order granting plaintiff leave to proceed with this action *in forma pauperis* and an Order directing plaintiff to show cause why this action should not be dismissed because it appeared that the lone defendant identified by plaintiff in his complaint was immune from damages in this § 1983 action.  (Dkt. Nos. 6 and 7.)  On July 22, 2005, plaintiff filed a response to this Court's Order to Show Cause together with a motion for an order to amend his complaint.  (Dkt. Nos. 9 and 10.)  Plaintiff asserted in his response to the Order to Show Cause that his intent was "to sue the County, not the person Michael J. Trickey." (Dkt. No. 9 at 1.)  In his motion for an order to amend his complaint, plaintiff requested that the Court amend the caption of his complaint to reflect that the King County Superior Court was also a defendant in this action.  (Dkt. No. 10 at 2.)

On August 15, 2005, this Court issued an Order denying plaintiff's motion for an order to amend his complaint.  (Dkt. No. 11.)  The Court noted therein that merely changing the caption of his complaint to include the Superior Court did not alter the fact that plaintiff was still identifying Judge Trickey as the responsible party, or the fact that Judge Trickey was immune from liability for actions taken in his official capacity.  (*Id*.)  The Court also noted that the King County Superior Court was not a proper defendant in this action and that if plaintiff wished to proceed against King County, he would have to identify a municipal policy or custom which he believed caused his injury.  (*Id*.)  Plaintiff was granted leave to file an amended complaint within thirty days.  On September 13, 2005, plaintiff filed an amended complaint.  (Dkt. No. 12.)

REPORT AND RECOMMENDATION
PAGE - 2

DISCUSSION

It is plaintiff's amended complaint that is now before this Court for review.  Plaintiff appears to allege in his amended complaint that Judge Trickey had him placed in administrative segregation on allegations of violating a no contact order and witness tampering, and had phone and mail restrictions placed on him at the King County Jail, without affording plaintiff a fair hearing.  Plaintiff asserts that Judge Trickey's actions resulted in the denial of his rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.  Plaintiff further alleges in his amended complaint that Judge Trickey had a duty to see that plaintiff was receiving proper medical care for his carpal tunnel syndrome and failed to do so.  Finally, plaintiff appears to allege that the King County Superior Court and King County, whom he identifies as additional defendants in his amended complaint, can be held liable under § 1983 if plaintiff shows a breach of duty owed to him as an individual.  A careful review of the amended complaint reveals that plaintiff has not adequately alleged a cause of action under § 1983 against any of the defendants identified in that complaint.

<u>Claims Against Judge Trickey</u>

Judicial officers are immune from liability for damages under § 1983 for acts taken within their judicial jurisdiction.  *Pierson v. Ray*, 386 U.S. 547, 554-555 (1967).  A judge will be subjected to liability only when (1) he acts in the "clear absence of all jurisdiction," or (2) he performs an act that is not judicial in nature.  *Stump v. Sparkman*, 435 U.S. 349, 356-57, 360 (1978).

In *Stump*, the Supreme Court explained that the necessary inquiry in determining whether a judge is immune from suit is whether the judge had jurisdiction over the subject matter before him.  The Court stated that "the scope of the judge's jurisdiction must be construed broadly" and that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  *Stump*, 435 U.S. at 356.  The Supreme Court further explained that the relevant inquiry in determining whether an act by a judge is a 'judicial' one "relate[s] to the nature

of the act itself; *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id*. at 362.

Plaintiff's allegations against Judge Trickey arise out of proceedings which were conducted by Judge Trickey in his role as a judge of the King County Superior Court. Judge Trickey was, at the time of plaintiff's interactions with him, performing functions normally performed by judges and plaintiff was dealing with Judge Trickey in his judicial capacity at that time. None of the facts alleged by plaintiff suggest to the contrary. Plaintiff's claims against Judge Trickey should therefore be dismissed pursuant to § 1915(e)(2)(B)(iii).

<u>Claims Against King County Superior Court and King County</u>

In order to set forth a *prima facie* case under 42 U.S.C. § 1983, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

A local government unit or municipality can be sued as a "person" under § 1983. *Monell*, 436 U.S. at 691. However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997), *citing Monell* 436 U.S. at 694.

In *Bryan County Commissioners*, the Supreme Court explained that

> it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of

REPORT AND RECOMMENDATION
PAGE - 4

culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Bryan County Commissioners*, 520 U.S. at 404.

Plaintiff asserts in his amended complaint that the King County Superior Court is a proper party to this action and that King County can be held liable if plaintiff shows a breach of duty owed to him as an individual. As was explained to plaintiff in the Court's August 15, 2005, Order denying plaintiff's motion for an order to amend his complaint, the King County Superior Court, as an entity of King County, is not a proper defendant in this action. *See Nolan v. Snohomish County*, 59 Wn.App. 876, 883 (1990) ("in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued.").

Moreover, neither plaintiff's allegations against the King County Superior Court nor his allegations against King County are sufficient to state a *prima facie* case under § 1983. The facts alleged by plaintiff in his amended complaint all relate to the conduct of Judge Trickey. Plaintiff fails to offer any specific facts demonstrating that the King County Superior Court or King County, through any form of deliberate conduct, were the moving force behind any of Judge Trickey's alleged unconstitutional conduct. Plaintiff's claims against defendants King County Superior Court and King County should therefore be dismissed pursuant to § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons set forth above, this Court recommends that plaintiff's amended complaint, and this action, be dismissed without prejudice.

//

//

//

//

REPORT AND RECOMMENDATION
PAGE - 5

This Court further recommends that this dismissal be counted as a "strike" under 28 U.S.C. § 1915(g).

A proposed Order accompanies this Report and Recommendation.

DATED this 26th day of October, 2005.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6