UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD A. KIRKHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. TRICKEY, Presiding Judge, King County Superior Court, et al.,<br><br>    Defendants. | CASE NO.  C05-1162TSZ<br><br>ORDER |

The Court, having reviewed Plaintiff's amended complaint, the Report and Recommendation of the Honorable Monica J. Benton, United States Magistrate Judge, Plaintiff's Objections, and the balance of the record, does hereby find and ORDER:

(1) The Court adopts the Report and Recommendation, docket no. 15, with the following additional reasoning.

Plaintiff's Objections, at page 3, argue that Defendant Judge Trickey is liable under Stump v. Sparkman, 435 U.S. 349 (1978). Judge Trickey's alleged acts were not performed in the "clear absence of all jurisdiction." See Stump, 435 U.S. at 356-57. Even if the Court

ORDER
PAGE - 1

1  assumes that Judge Trickey exceeded his authority by placing Plaintiff in administrative

2  segregation and by restricting Plaintiff's mail and phone privileges, Judge Trickey would be

3  immune from damages liability under 42 U.S.C. § 1983 because there is a distinction between

4  lack of jurisdiction and excess of jurisdiction.  In Stump, the United States Supreme Court

5  clarified this distinction by offering the following example: a probate judge, who has

6  jurisdiction over only wills and estates, would be acting in clear absence of jurisdiction if he

7  tried a criminal case, whereas a judge of a criminal court would merely be acting in excess of

8  jurisdiction and would be immune if he convicted a defendant of a nonexistent crime.  Stump,

9  435 U.S. at 356-57 n.7.  Here, Judge Trickey is a judge in King County Superior Court with

10 clear jurisdiction to enter rulings in Plaintiff's "criminal proceedings."  See Am. Compl.,

11 docket no. 12, ¶ 5.

12        Plaintiff's Objections, page 4, argue that Judge Trickey should not be given absolute

13 immunity because the alleged acts were "purely administrative."  See Clinton v. Jones, 520

14 U.S. 681, 694-95 (1997) (citing Forrester v. White, 484 U.S. 219, 229-230 (1988)).  In

15 Forrester, a judge was not entitled to absolute immunity for his decisions to demote and

16 discharge a court employee because the judge was found to be acting in an administrative,

17 rather than an adjudicative, capacity when he made these personnel decisions.  See 484 U.S.

18 at 229-30.  In contrast, the factual allegations against Judge Trickey involve judicial or

19 adjudicative acts performed in response to allegations brought against Plaintiff for violating a

20 no contact order and for witness tampering.  See Am. Compl., docket no. 12, ¶¶ 6, 34.

21        Plaintiff's Objections, page 4, argue that Judge Trickey may be held liable under

22 Monell v. Dep't of Social Services, 436 U.S. 658 (1978).  Monell addresses the immunity of

23 municipalities; it does not address a judge's absolute immunity.

24

25

ORDER
26 PAGE - 2

Plaintiff's Objections, page 5, argue that Judge Trickey should be liable under <u>King v. City of Seattle</u>, 84 Wn.2d 239 (1974). <u>King</u> addresses the discretionary immunity that shields governmental entities from tort liability; it does not address a judge's absolute immunity.

(2)   Plaintiff's amended complaint and this action are DISMISSED without prejudice.

(3)   The Clerk is directed to terminate this action pursuant to 28 U.S.C. § 1915(e)(2)(B) and to count this as a dismissal under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED this 12th day of December, 2005.

_____
Thomas S. Zilly
United States District Judge

ORDER
PAGE - 3